IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GEORGE T. VICKERS, JR., JD-4279, )
    Petitioner, )
     )
    v. )  2:15-CV-432
     )
MICHAEL WENEROWICZ, et al., )
    Respondents. )

MEMORANDUM and ORDER

Mitchell, M.J.:

Presently before the Court for disposition is the respondents' Motion to Dismiss the petition for a writ of habeas corpus filed in the above captioned case (ECF No.13) on the basis that it is time barred. For the reasons set forth below, the motion will be denied.

George T. Vickers, Jr. an inmate at the State Correctional Institution at Graterford has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. Vickers is presently serving a seven to fourteen year sentence imposed following his conviction by the courts of aggravated assault, reckless endangering, disorderly conduct and harassment at CP 63-CR-359-2008 in the Court of Common Pleas of Washington County, Pennsylvania. This sentence was imposed on July 31, 2009.[1] On August 4, 2010, the Superior Court affirmed the judgment of sentence and on January 19, 2011 allowance of appeal was denied by the Pennsylvania Supreme Court.[2]

On November 17, 2011, Vickers filed a post-conviction motion and relief was denied on December 12, 2012.[3] The denial of post-conviction relief was affirmed by the Superior Court on July 23, 2014 and leave to appeal was denied by the Pennsylvania Supreme Court on December 16, 2014.[4]

The instant petition was executed on March 17, 2015 and received in this Court of March 31, 2015. Because neither the requisite filing fee nor forma pauperis application

---

[1] See: Petition at ¶¶ 1-6.
[2] See: Exhibits 31 and 33 to the motion.
[3] Id. at Exhibits 34 and 45.
[4] Id. at Exhibits 61 and 63.

1

accompanied the petition, it was dismissed on April 1, 2015 pending the submission of the necessary documents. The filing fee was received on April 21, 2015 and the petition was docketed by the Clerk. The respondents now move to dismiss on grounds of untimeliness.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, leave to appeal to the Pennsylvania Supreme Court was denied on January 19, 2011 and certiorari was not sought. For this reason, Vickers' conviction became final on April 19, 2011 when the time in which to seek such review expired. Gonzalez v. Thaler, 132 S.Ct. 641 (2012). The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until November 17, 2011 or about seven months after his conviction became final. That petition was denied; the denial of post-conviction relief was affirmed by the Superior Court and leave to appeal to the Pennsylvania Supreme Court was denied on December 16, 2014. The instant petition was executed on March 17, 2015 and received in this Court on March 31, 2015, or about three months after it could have been submitted. Thus, combining the delay in initially seeking post-conviction relief with the delay in

seeking relief here, a period of about ten months elapsed and for this reason, the instant petition is not time barred and respondents' motion to dismiss will be denied.

    An appropriate Order will be entered.

ORDER

AND NOW, this 17th day of June, 2015, the respondents' Motion to Dismiss (ECF No. 13) is DENIED;

IT IS FURTHER ORDER, and pursuant to F.R.Civ.P. 12(a)(4)(A) an appropriate Response be filed within fourteen (14) days,

AND IT IS FURTHER ORDERED, that all record references in the Response reflect the document number of the Exhibits attached to the Motion to Dismiss and that a duplicate record not be submitted.

s/ Robert C. Mitchell
United States Magistrate Judge