IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE VICKERS,<br>    Petitioner, | )<br>)<br>) |
| v. | )  2:15-cv-432<br>) |
| MICHAEL WENEROWICZ, et al.,<br>    Respondents. | )<br>) |

MEMORANDUM and ORDER

Presently pending before the Court is a "Petition for stay of release pending review of order granting writ of habeas corpus" (ECF No.48). For the reasons set forth below the petition will be denied.

Vickers presented a petition for a writ of habeas corpus challenging his conviction and seven to fourteen year sentence imposed following his conviction by the court of aggravated assault, reckless endangering, disorderly conduct and harassment in the Court of Common Pleas of Washington County, Pennsylvania at CP-63-CR-359-2008. This sentence was imposed on July 31, 2009. On November 19, 2015 we ordered that relief be granted based on the admitted fact that the record is silent on any oral or written waiver of the right to a jury trial. (ECF No. 38). At that same time we ordered that the petitioner be released from custody or retried within 120 days (ECF No. 39). A timely appeal was filed. Respondents now apply to this Court for a stay of petitioner's release pending appeal.

Rule 23(c), F.R.App.P. provides:

> While a decision ordering the release of a prisoner is under review, the prisoner must – unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise – be released on personal recognizance with or without surety.

As explained in Hilton v Braunskill, 481 U.S. 770, 776 (1987),

> [T]he factors regulating the issuance of a stay are generally … (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

See also, Center v. O'Laughlin, 557 U.S. 1301(2009)(Justice Breyer, in chambers).

The first issue is the likelihood of success on the merits. As we wrote in our November 19, 2015 Memorandum, the record is devoid of any demonstrable proof of a valid waiver of jury trial, a right assured by the Sixth Amendment. Rather respondents urged us to ignore this fundamental requirement and infer a waiver from the surrounding circumstances. See: Patton v. United States, 281 U.S. 276 (1930). Thus, there is no basis upon which to conclude that the respondents are likely to succeed on the merit.

The second issue is irreparable harm to the respondents. As we observed in our November 19, 2015 Memorandum, petitioner was sentenced on July 31, 2009 to a seven to fourteen year period of incarceration. Thus his minimum sentence will expire in eight months in effect providing no means of correcting this error unless he is retried, reconvicted and the same or similar sentence imposed.[1] Clearly continued incarceration imposes irreparable harm to Vickers, and little if any to the respondents.

The next consideration is whether the stay will substantially injure the non-moving party's interests. Clearly, there is substantial injury to petitioner since he has already served close to his minimum period of incarceration while the injury to the Commonwealth by the slight early release is minimal.

Finally, we consider danger to the community. While it is true that Vickers was convicted of a crime of violence, he is also entitled to a fair trial and conviction if appropriate. In O'Laughlin,, supra. Justice Breyer reviewed the continued detention of an individual convicted of burglary and armed assault which are equally crimes of violence. In denying the stay and ordering the petitioner's release

---

[1] In the present motion at ¶ 55, respondents state "considering that Petitioner will face a substantially similar sentence upon conviction, staying … will not cause irreparable harm to the petitioner." This conclusion of necessity relies on a presumption of conviction rather than the presumption of innocence.

he did "order imposition of bail and other conditions of release to be determined by the District Court." 557 U.S. at 1303.

Thus, because we find the petitioner's continued incarceration at this point be to unconstitutional, we will deny the instant motion but order the petitioner's release on home confinement with electronic monitoring.

An appropriate Order will be entered.

ORDER

AND NOW, this 29th day of February 2016, for the reasons set forth in the foregoing Memorandum, if the petitioner is not released or retried on or before March 18, 2016,

IT IS ORDERED that he be released from custody pending the determination of the Commonwealth's appeal,

AND IT IS FURTHER ORDERED that upon petitioner's release from custody he be placed on home confinement with electronic monitoring

                                                s/ Robert C. Mitchell
                                                United States Magistrate Judge